## S94A1179. MORRIS v. THE STATE.
(452 SE2d 100)

FLETCHER, Justice.

Curtis Morris was found guilty of the malice murder and felony murder of Patricia Cauley and was sentenced to life imprisonment for malice murder.[1] For the reasons stated below, we reverse.

The body of Patricia Cauley was found in a dumpster near the apartment where Morris lived. Bloodstains matching Cauley's blood type were found in Morris' apartment and Morris' palm print was on the dumpster. In one of two inconsistent statements given to police, Morris admitted that Cauley had been killed in his apartment and that he had helped dispose of the body, but that Calvin Hicks committed the murder.

---

[1] The crime occurred on December 26, 1991. Morris was indicted on April 28, 1993. He was found guilty on November 16, 1993 and his sentence filed on December 9, 1993. Morris filed a motion for new trial on January 10, 1994, which was denied on March 7, 1994. Morris filed his notice of appeal on April 5, 1994. The case was docketed in this Court on April 25, 1994 and was submitted for decision without oral argument on June 20, 1994.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Morris guilty of the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Morris did not testify at trial, but his prior statements to police implicating Hicks were read to the jury. In her opening statement, the prosecutor said that Hicks had subjected himself to a polygraph test that "checked out" or "checked out okay."[2] Morris moved for a mistrial, which was denied.[3] Later, on cross-examination, Hicks volunteered that he had taken two lie detector tests. Defense counsel renewed his request for a mistrial, which the court again denied.

The law in this state is well-established that absent stipulation by the parties, the jury may be apprised that a polygraph test has been administered to explain an actor's conduct or motives only when "the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial)." *Wilson v. State*, 254 Ga. 473, 476 (330 SE2d 364) (1985) (quoting *Cromer v. State*, 253 Ga. 352, 356 (320 SE2d 751) (1984) and *Momon v. State*, 249 Ga. 865, 867 (294 SE2d 482) (1982)).

The state argues that the prosecutor's statement that Hicks had taken a polygraph exam that had "checked out" is insufficient to raise an inference of the results of the test. We disagree. This Court has recognized that merely asking a witness about *whether* he has taken a polygraph exam raises an inference that the witness took and passed the test. *Williams v. State*, 251 Ga. 749, 803-804 (312 SE2d 40) (1983). A prosecutor's statement that the witness took a polygraph test and that the test "checked out" obviously creates a much stronger inference than a mere question that remains unanswered.

The state also argues that Hicks' testimony that he took a polygraph test was relevant to demonstrate the investigation undertaken by police and to show why Hicks was ruled out as a suspect. However, the conduct of the police was not a relevant issue in the trial. See *Teague v. State*, 252 Ga. 534, 536 (314 SE2d 910) (1984) ("[i]t is most unusual that a prosecution will properly concern itself with *why* an investigating officer did something" (emphasis in original)). The mere

---

[2] The opening statements were not transcribed. During his argument on the motion for mistrial, Morris said that the prosecutor used the phrase "checked out okay." The prosecutor stated she only said "checked out."

[3] In responding to the defendant's objection and motion for mistrial, the state argued that the defendant's stipulation was not required for the admission of polygraph evidence of a witness other than the defendant. This argument is plainly wrong. *Williams v. State*, 251 Ga. 749, 803 (312 SE2d 40) (1983) (question to witness whether he took lie detector test "clearly impermissible" because parties had not stipulated that results would be admissible); *State v. Chambers*, 240 Ga. 76 (239 SE2d 324) (1977) (polygraph of victim admissible where defendant stipulates to admission).

fact that another possible suspect was not charged does not call into question the propriety of the investigation. See *Wilson*, 254 Ga. at 477 (evidence that the state dropped murder charge after suspect took a polygraph exam was inadmissible where testimony that the charges against the suspect had been dropped did not imply any wrongdoing by the state in failing to pursue the murder charge against suspect). Furthermore, nothing in the conduct of Hicks needed to be explained. Compare *Newberry v. State*, 260 Ga. 416, 419 (395 SE2d 813) (1990) (fact that witnesses took polygraph before giving statements implicating defendant admissible to explain conduct of witnesses in changing earlier story that victim had shot himself). Because neither the conduct of the police nor of Hicks was relevant to any issue in the trial, the evidence of the polygraph was not admissible to explain that conduct and the prosecutor's reference to this inadmissible evidence was improper.

3. Having held that the prosecutor's statement was impermissible and the polygraph evidence inadmissible, we must now determine whether the failure to grant a mistrial constitutes reversible error. The prosecutor's statement that Hicks had taken a polygraph test and it "checked out" served only to bolster Hicks' credibility that he had nothing to do with the murder. Hicks' unresponsive statement on cross-examination that he took "two lie detector tests on [his] own" added to the prejudice because reasonable jurors would infer that Hicks passed the test. The credibility of Hicks' statement that he was not involved in the murder was vital because of Morris' statements directly implicating Hicks as the perpetrator. See *Wilson*, 254 Ga. at 477 (error in admitting evidence of polygraph exam was not harmless because "guilt or innocence primarily depended on whether the jury believed [the defendant's] story or that of [witness who took polygraph]"). Under these circumstances, we cannot say that the error was harmless and the convictions must be reversed.

4. Morris also contends that he was placed in double jeopardy when his trial was continued for two months before the same jury. We agree that such a lengthy continuance, absent exceptional circumstances or consent of the parties, is improper. The continuance, however, did not constitute a "termination" of the prosecution within the meaning of OCGA § 16-1-8 (a).[4] Therefore, the later proceedings were not barred by double jeopardy.

5. In light of the holding in Division 3, Morris' remaining enumeration need not be addressed.

*Judgment reversed. All the Justices concur.*

---

[4] To the extent *Paquin v. State*, 261 Ga. 418 (405 SE2d 497) (1991) is contrary, it is overruled.

DECIDED JANUARY 17, 1995.

*Robert H. Revell, Jr.,* for appellant.

*Britt R. Priddy, District Attorney, Johnnie M. Graham, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Assistant Attorney General,* for appellee.