A00A0956. WERNER v. THE STATE.
(538 SE2d 168)

SMITH, Presiding Judge.

Nicholas Eric Werner appeals from the denial of his motion for new trial after he was found guilty by a jury and sentenced for driving under the influence of alcohol to the extent that he was a less safe driver. He contends the trial court erred in admitting certain evidence and in its charge to the jury. We find no merit in Werner's contentions, and we affirm the judgment.

Viewed in favor of the jury's verdict, the evidence presented at trial showed that Werner was stopped at a roadblock in DeKalb County. An officer serving with the DeKalb County Police Department's Strategic Traffic Accident Reduction ("STAR") team observed Werner's vehicle traveling at high speed. Werner did not slow as he approached the checkpoint, even though it was clearly marked with signs and four police cars with flashing blue lights. He crossed the centerline, moved back into the right lane, and finally slowed.

The officer asked Werner for his driver's license and proof of insurance. While speaking to Werner, the officer noticed a moderate odor of alcohol. When asked if he had anything to drink, however, Werner replied that he had not and would take any test the officer requested. Werner was then asked to pull off to the side for field sobriety tests. Once Werner exited his vehicle, the officer still noticed the odor of alcohol on his breath.

The officer administered several field sobriety tests, including the horizontal gaze nystagmus test (HGN), reciting the alphabet, and the alco-sensor. The officer noted six "clues" on the HGN, showing Werner to be under the influence of alcohol to the extent he was a less safe driver. Werner also "mixed up and inverted" several letters of the alphabet. He refused to submit to the alco-sensor test, stating that his college instructors had cautioned him not to take any breath tests.

Based upon Werner's erratic driving, his statements at the scene, his physical manifestations of impairment, his poor performance on field tests, and his refusal to take an alco-sensor test, the officer arrested Werner for DUI. Because Werner had stated that he was under 21, the officer read him the Georgia Implied Consent Notice for Suspects Under the Age of 21. He requested that Werner take a state-administered breath test, which Werner again refused, citing the same instructors.

Werner made several pretrial motions. The trial court did grant Werner's motion to suppress his custodial statement that he could not pass the breath tests because he had been drinking, but denied all other motions to suppress and in limine. Immediately before trial, Werner again moved in limine to limit the officer's testimony regarding the HGN test and to exclude evidence of his age. The trial court did not rule on these motions, instructing Werner to make objections at the appropriate time during trial.

1. Although Werner concedes the officer could testify about the results of the HGN, he contends the trial court erred in allowing testimony as to the extent of his impairment based solely upon this test. We first note that this objection was not preserved for review. The trial court refused to rule in limine and instructed Werner to object at an appropriate time during the trial. In order to preserve this ground for appeal, therefore, Werner was required to make this specific objection at the time the evidence was offered. *Ryans v. State,* 226 Ga. App. 595, 597 (2) (487 SE2d 130) (1997); compare *McClarity v. State,* 234 Ga. App. 348, 349 (2) (506 SE2d 392) (1998) (if motion in limine is denied, losing party need not renew objection when evidence offered). In this case, the officer testified that he observed six clues when he administered the HGN to Werner and that four or more indicate a person is possibly a less safe driver. Werner objected, stating "we'd object based upon what we raised before. This test has never been recognized by Georgia courts regarding the testimony elicited by this officer." This objection was overruled, and the officer continued his testimony. He testified, without objection, regarding the correlation between HGN and blood alcohol concentration, stating that "when the National Highway Traffic Safety Administration did their study, their percentages were four [sic] people at a point one zero and higher, and that was what they called the legal per se limit or to be over the legal limit." The State then asked: "[I]f you get four clues, it's possibly a point one 0 or higher?" and the officer responded, without any objection: "That's correct." Even if we deem Werner's original objection specific enough, because he did not then object to even more specific testimony, he has waived this ground on appeal.

Further, contrary to the statement in his brief, Werner did not request, nor was he granted, a continuing objection before remaining silent when the evidence was introduced. Trial counsel first requested a continuing objection at the beginning of the charge conference, noting that he "meant to do it" at the pretrial conference, but failed to do so. The trial court did not grant this request, responding only: "That's part of the record." This was insufficient.

> Of course, even if counsel timely objects to certain testimony, its admission is not error where substantially the

same evidence is subsequently admitted without objection. However, error can be enumerated upon subsequently introduced testimony if a continuing objection was interposed *in the first instance.* Continuing objections eliminate the need to repeat an objection where the trial court's ruling on the first objection clearly covers subsequent proceedings and the court has granted a party the right to have a continuing objection. If the court does not specifically grant a right to a continuing objection, it is counsel's duty to object to testimony as it is offered.

(Citations omitted; emphasis supplied.) *State v. Larocque,* 268 Ga. 352, 353 (489 SE2d 806) (1997). Werner did not have the right to assume that the court would later grant his request for a continuing objection after the evidence had been introduced. "It is well-settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection. [Cit.]" (Punctuation omitted.) *Rupert v. State,* 239 Ga. App. 128, 131 (1) (520 SE2d 695) (1999).

Moreover, even if this ground had been preserved, Werner's argument has no merit. He argues that initially, the test was approved only as an indicator of the presence of alcohol. *Manley v. State,* 206 Ga. App. 281, 282 (424 SE2d 818) (1992). So much is true. But testimony regarding the test is not now limited to such use.

Field sobriety tests are not designed to detect the mere presence of alcohol in a person's system, but to produce information on the question whether alcohol is present at an impairing level such that the driver is less safe within the meaning of OCGA § 40-6-391 (a) (1).

(Citations omitted.) *Sieveking v. State,* 220 Ga. App. 218, 219 (469 SE2d 235) (1996). "That these tests have no specific, quantitative value regarding the extent of a driver's alcohol impairment would go to the weight to be given the tests and not their admissibility." *Hawkins v. State,* 223 Ga. App. 34, 39 (1) (476 SE2d 803) (1996).

2. Werner maintains the trial court erred in allowing into evidence "irrelevant and inflammatory" testimony that he was under 21. But Werner also failed to object to the introduction of this evidence through the testimony of the officer. Although he interposed an objection to the admission into evidence of the implied consent card, which included a notice for suspects under 21, that objection was made solely on the ground that it was cumulative of the oral testimony given by the officer, and it was sustained. He cannot raise a different objection for the first time in this appeal. *Dawson v. State,* 238

Ga. App. 263, 268 (2) (518 SE2d 477) (1999).

3. Werner asserts that the trial court erred in its jury charge by instructing the jury that the testimony given by the police officer should be considered expert testimony when the State never offered him as an expert. This contention has been decided adversely to Werner. *Wiley v. State*, 238 Ga. App. 334, 335 (3) (519 SE2d 10) (1999); see also *Hudson v. State*, 175 Ga. App. 692, 693 (4) (334 SE2d 20) (1985). As the trial court noted in denying the motion for new trial, a trial judge has discretion to determine whether a witness possesses the learning and experience in a particular profession to be deemed an expert and to so instruct the jury even without a request. *Wiley*, supra; *Hudson*, supra. See *Lindley v. State*, 225 Ga. App. 338, 340-341 (484 SE2d 33) (1997) (trial court did not err in ruling that officer was expert witness notwithstanding lack of affirmative tender as expert witness).

The officer testified to his specialized training and experience in DUI detection. He testified to his experience as a DeKalb County police officer and a member of the DUI task force, the STAR team. He has assisted in instructing other officers in the use of field sobriety evaluations and has made over 1,300 DUI arrests. Based upon this testimony, the trial court tacitly considered the officer an expert witness. Because this was within the trial court's discretion, we find no error.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

### ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Werner argues that the trial court actually denied his motion in limine seeking to bar mention of his age, rather than failing to rule on it, and that he was therefore not required to object at trial. We cannot agree.

The colloquy on this matter was extensive. Werner is correct that at one point, after repeated urging by Werner, the trial court uttered the word "denied." Nevertheless, it remains absolutely clear that the court specifically instructed Werner that it was not about to rule on the motion before hearing evidence and that specific objection would be required at trial. The court stated:

> I cannot rule on that evidence in a pre-trial setting. To the extent that that testimony comes up and you find it inappropriate, make your objection at the time the testimony comes. If I sustain the objection, then I will instruct the jury accordingly. But I cannot deal with it in a vacuum until I hear what the officer is going to testify to.

To allow Werner to rely upon the trial court's "denial" of his motion to

support his failure to object at trial, in the face of the trial court's explicit instruction to him to object at trial, would completely frustrate the clear intent of the trial court's ruling. We refuse to do so.

*Motion for reconsideration denied.*

DECIDED AUGUST 10, 2000 —
RECONSIDERATION DENIED NOVEMBER 7, 2000.

*Chestney Hawkins Law Firm, Michael M. Hawkins, Sherry B. Lantz*, for appellant.

*Gwendolyn R. Keyes, Solicitor, Thomas E. Csider, Assistant Solicitor*, for appellee.