## A02A1397. DORMINEY v. THE STATE.
### (574 SE2d 380)

POPE, Senior Appellate Judge.

Lisa Renee Dorminey was indicted on three counts of theft by deception, ten counts of theft by taking and one count of arson in the first degree. She pled guilty to the 13 counts of theft and was tried only on the arson charge. She was convicted of arson and appeals, raising three enumerations of error. For the following reasons, we reject her arguments and affirm.

Evidence at trial showed that Dorminey worked as the office manager and controller for John Prince and Prince Chevrolet for more than six years. Her responsibilities included computer account-

ing procedures, and she controlled the bookkeeping system. Because of some apparent inconsistencies in the bookkeeping, Prince scheduled an audit of certain accounts, which was scheduled to begin at 8:00 a.m. on Friday, July 24, 1998. There was testimony from a clerical worker at Prince Chevrolet that Dorminey instructed her to remove certain documents from the ledgers of the company before the audit.

On the date of the scheduled audit, another Prince Chevrolet employee, Robert Dunn, arrived at work at 6:15 a.m. and found Dorminey already at work in her upstairs office. Dorminey asked to borrow Dunn's truck. He gave her the keys and then returned downstairs to his office. About 20 minutes later Dunn smelled smoke and then began hearing electrical boxes tripping. He then saw smoke in the stairwell and went outside. When he got outside he saw fire coming through the roof of the building and saw Dorminey standing outside. Dunn asked Dorminey to call 911; she gave him a phone so that he could make the call.

A subsequent investigation determined that the fire was not caused by electrical problems in the building and that there did not appear to be any problems in the building which had caused the fire. An arson investigator testified that the fire started in front of Dorminey's desk; there was also testimony that a fire accelerant, toluene, was present in high concentrations in the carpet in Dorminey's office. Furthermore, there was evidence that Dorminey made contradictory statements about when and where she left her child the morning of the fire.

Many of the accounting records were damaged and irretrievable due to water and fire damage. Nonetheless, some of the recovered records which were not destroyed by the fire showed false entries into the checks, deposits, and journals. Dorminey met with Prince and admitted that she stole money from Prince Chevrolet by manipulating the accounting books and taking money from the deposits. She subsequently pled guilty to the thefts. At trial, Dorminey admitted stealing money from the dealership on numerous occasions and explained how she manipulated the various accounts and records. Nevertheless, she denied burning the building and denied that she brought any fire accelerant into the building.

1. In her first enumeration of error, Dorminey claims that the court erred in failing to grant a mistrial after a prosecution witness being questioned by the district attorney mentioned her failure to take a polygraph examination. Citing several cases, including *Fargason v. State*, 266 Ga. 463 (467 SE2d 551) (1996), and *Morris v. State*, 264 Ga. 823 (452 SE2d 100) (1995), she claims that any mention of a polygraph exam, absent a stipulation by both parties, requires a court to grant a mistrial. In response, the State concedes

that the unsolicited testimony was inadmissible, but argues that a mistrial was not necessary.

The disputed testimony occurred during the State's examination of Dorminey's employer John Prince, of Prince Chevrolet. The district attorney asked Prince when Dorminey's employment was terminated, and he stated: "the GBI had come to me and the Sheriff and Renee had refused to take a lie detector test —." Upon this response, the defense attorney objected and requested a mistrial. The court asked the attorneys to approach the bench and after a bench conference instructed the jury to disregard the statement. The court also directed the State to "phrase the question a little more narrowly to avoid this in the future."

Dorminey correctly notes that: "We have held that where the defendant and the State did not stipulate that the results of a polygraph test taken by a witness would be admissible at trial, questioning the witness regarding those test results is impermissible because a stipulation is a prerequisite for the admissibility of such evidence." (Citations and punctuation omitted.) *Walker v. State*, 264 Ga. 79, 80 (2) (440 SE2d 637) (1994).

Nonetheless, while in some cases mistrials are required when a witness mentions a polygraph test, reversal is not always warranted. See, e.g., *Brown v. State*, 175 Ga. App. 246, 249 (4) (333 SE2d 124) (1985). For instance, in *Evans v. State*, 256 Ga. 10, 13 (5) (342 SE2d 684) (1986), the defendant argued that the trial court should have declared a mistrial when one of the State's witnesses, who was also a suspect, testified that he had passed a polygraph test. The witness made the statement during cross-examination by the prosecutor — despite the parties' pretrial agreement that they would caution their witnesses to avoid any mention of polygraph exams. The Supreme Court affirmed the trial court's denial of the defendant's motion for mistrial. In doing so, the court found that although the statement was prejudicial and inadmissible, "the trial court's swift, emphatic action in instructing the jury to ignore the statement sufficiently remedied the situation." Id. at 13-14. See also *Bromley v. State*, 259 Ga. 377, 379-380 (4) (380 SE2d 694) (1989).

In this case, the trial court did not abuse its discretion in denying the motion for mistrial. The testimony in dispute was a relatively insignificant reference to a polygraph made by a witness who had no connection to law enforcement. Given that Dorminey pled guilty to 13 counts of theft, the polygraph testimony could have referred to those crimes and not to the arson charge. Furthermore, once the witness made the inadmissible statement, the trial court acted swiftly in instructing the jury to disregard the testimony. Because it is highly probable that the error did not contribute to the judgment, we affirm. *Hall v. State*, 226 Ga. App. 298, 301 (2) (485 SE2d 800) (1997).

2. Secondly, Dorminey argues that the court erred in charging the jury on the existence of "expert witnesses" because no witnesses were formally qualified by the court as being experts. Dorminey bases this argument on five purported experts who testified for the State, but were not declared experts by the court — although the court then charged the jury according to the pattern charge on expert witnesses.

We reject this argument. First, defense counsel did not object to the court's charge.

> It is well established that if a defendant fails to object to a charge when asked if he has any objections, and fails to reserve objections, he has waived appellate review of the charge as given. [Cit.] The only exception to this rule is set forth in OCGA § 5-5-24 (c): when a substantial error in the charge exists that is harmful as a matter of law, it may be reviewed regardless of whether objection was made.

*Wilson v. State*, 255 Ga. App. 497, 498 (1) (565 SE2d 847) (2002). Here, there was no error in the charge because this court has determined that a trial court may charge a jury that certain testimony should be considered expert testimony, even when the witness was not offered as an expert. See *Werner v. State*, 246 Ga. App. 677, 680 (3) (538 SE2d 168) (2000). Moreover, even if the testimony did not authorize the charge on expert testimony, we hold that it is highly probable that the charge did not contribute to the verdict and was harmless. *Wiley v. State*, 238 Ga. App. 334, 335 (3) (519 SE2d 10) (1999).

3. Finally, Dorminey claims that her trial counsel was ineffective.

> In order to obtain the reversal of a conviction on a claim of ineffectiveness of counsel, a defendant has the burden of proof under both prongs of the test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). [Cit.] Under *Strickland*, supra, the defendant must prove: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. In determining whether or not counsel's performance was deficient under the first prong, a court must measure counsel's performance against an objective standard of reasonableness in light of all the circumstances and apply the strong presumption that all of counsel's significant decisions were made in the exercise of reasonable professional judgment. [Cits.] Under the second prong, the test is whether there was a rea-

sonable probability that the outcome of the proceedings would have been different but for counsel's deficient performance. Id. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous. [Cit.] We apply these standards to each of the claims of ineffectiveness. [Cit.]

(Punctuation omitted.) *Mika v. State*, 256 Ga. App. 546, 550-551 (7) (568 SE2d 818) (2002).

Dorminey articulates more than 23 manners in which her counsel for the trial was ineffective. Among other contentions in this respect, she claims that trial counsel was deficient in many ways with regard to the State's alleged expert witnesses; that trial counsel failed to make a proper motion for directed verdict; that counsel failed to make various appropriate motions in limine and failed to file jury charges or pretrial motions; and that counsel did not properly object to inadmissible and harmful testimony. Although she sets forth many ways in which she claims counsel was deficient, she completely fails to articulate the manner in which this allegedly deficient performance prejudiced her defense. Accordingly, we conclude that she has failed to show prejudice. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Covington v. State*, 251 Ga. App. 849, 852 (2) (555 SE2d 204) (2001).

Moreover, the trial court held a hearing on Dorminey's motion for new trial at which trial counsel, an experienced trial attorney and state court judge, testified that he had reviewed the evidence numerous times through pretrial discovery. He also testified regarding his various trial strategies and his decisions on each point raised by Dorminey. Having thoroughly reviewed both Dorminey's arguments and the record before us, we conclude that the trial court did not err in rejecting these claims of ineffective counsel.

*Judgment affirmed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 8, 2002.

*Walter E. Van Heiningen*, for appellant.
*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney*, for appellee.