## A05A2289. McARTHUR v. THE STATE.
### (625 SE2d 68)

MILLER, Judge.

After a jury trial, Quentin McArthur was convicted of DUI. He now appeals on the grounds that the trial court should have granted his motion to suppress the results of his breath test and that the court erred when it charged the jury on expert opinion testimony. We find no error and affirm.

Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). Where there is evidence to support the trial court's ruling on a motion to suppress, that decision will not be disturbed on appeal. *Taylor v. State*, 263 Ga. App. 420, 422 (2) (587 SE2d 791) (2003).

So viewed, the evidence shows that Officer Odum of the Kingsland Police Department's DUI task force stopped McArthur for driving too slowly and for failing to maintain his lane. Sergeant Hanke of the same task force arrived on the scene minutes later. After McArthur failed a preliminary breath test and field sobriety tests, he was arrested for DUI. After Officer Odum read the implied consent notice

to McArthur, he was driven to the Camden County Sheriff's Office, where an Intoxilyzer 5000 test showed a blood alcohol content of 0.164, more than twice the legal limit. See OCGA § 40-6-391 (a) (5) (setting unlawful concentration at 0.08 grams or more).

McArthur was charged with driving with an unlawful blood alcohol concentration, DUI to the extent that he was less safe to drive, and failure to maintain his lane. In his motion to suppress, McArthur complained that the officer failed to ask, after the implied consent warning or at any other stage of the State-administered breath test, whether he wanted his own independent chemical test. He contended that the test results should be excluded for this reason. This motion was denied. McArthur was later convicted of driving with an unlawful blood alcohol concentration only.

1. McArthur first contends that the trial court erred when it denied his motion to suppress the results of the State's breath test. We disagree.

The implied consent notice reads in relevant part:

> After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing.
> Will you submit to the state administered chemical test [of your breath] under the Implied Consent Law?

See OCGA § 40-5-67.1 (b) (2).

It is undisputed here that McArthur was read the implied consent notice at the scene, including the question whether he would submit to the State's breath test, and that his reply to that question was "Yes." The law does not require that an officer making a DUI arrest ask the accused if he wishes to have an independent chemical test after the officer has read the implied consent notice informing him of this option. It is incumbent on the person who is charged with DUI to request or arrange for his own test at this point, *after* he submits to the State's test. Thus the trial court did not err in denying McArthur's motion to suppress on this ground. See *State v. Payne*, 236 Ga. App. 338, 339-340 (512 SE2d 292) (1999) (reversing suppression of breath test even when officer read version of notice suggesting that only one alternative test was available); compare *Butts v. City of Peachtree City*, 205 Ga. App. 492, 493-494 (2) (422 SE2d 909) (1992) (police must make reasonable accommodation when defendant invokes right to additional test).

2. McArthur also contends that the trial court erred when it charged the jury on expert testimony. Again, we disagree.

The decision to give a jury charge on expert opinion is a matter for the sole discretion of the trial judge, whether the witness is tendered as an expert or not. *Werner v. State*, 246 Ga. App. 677, 680 (3) (538 SE2d 168) (2000); *Lindley v. State*, 225 Ga. App. 338, 340-341 (1) (484 SE2d 33) (1997).

Here, although none of the State's witnesses was tendered as an expert, the officer administering the Intoxilyzer 5000 test was certified with the Georgia Bureau of Investigation's Division of Forensic Sciences, as was shown at trial. Thus the trial court did not abuse its discretion when it charged the jury on expert opinion. *Werner*, supra, 246 Ga. App. at 680 (3) (approving jury charge on expert testimony even when State did not tender police officer administering sobriety tests as an expert).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED DECEMBER 2, 2005 —
RECONSIDERATION DENIED DECEMBER 14, 2005 — 

*Randall C. Sorenson*, for appellant.
*Stephen D. Kelley, District Attorney, George C. Turner, Jr., W. Franklin Aspinwall, Jr., Rocky L. Bridges, Diane L. Dodd, Assistant District Attorneys*, for appellee.