### A09A0225. SIMS v. THE STATE.
(674 SE2d 392)

MIKELL, Judge.

Following a jury trial, Thomas Lincoln Sims was convicted of two counts of child molestation.[1] The trial court sentenced him as a recidivist to 30 years in confinement. Sims appeals from the denial of his motion for a new trial, contending that the trial court erred by questioning the victim and by charging the jury on expert testimony, and that trial counsel rendered ineffective assistance of counsel. We affirm, but remand to the trial court for a determination of Sims's claim of ineffective assistance of trial counsel.

Viewed in the light most favorable to the verdict,[2] the record shows that on three separate occasions between January 1, 2004, and August 31, 2004, Sims inappropriately touched his ten-year-old stepdaughter B. H. while her mother was at church. B. H. testified that on two occasions, Sims came into her bedroom, wearing only his boxer shorts, and touched her breasts and vagina on top of her pajamas. The third time, Sims touched B. H.'s breasts and vagina under her clothing, and exposed himself to her. B. H. testified that the three incidents occurred at the home she shared with her mother, brother, and Sims, in Locust Grove, Henry County. B. H. also testified about two other encounters with Sims. On one occasion, B. H. was sitting on Sims's lap driving his car down a dirt road when Sims unbuttoned her pants and "started messing with [the] lower part of [her] body." On the other occasion, Sims took B. H. to a "bootleg house" in Spalding County, removed her clothing, and tried unsuccessfully to put his penis in her vagina. B. H. also described a sixth encounter with Sims, which occurred at her grandmother's home in Lithonia, DeKalb County. B. H. told her mother, Cheryl Bennett, about the incidents and Bennett called the police. When Bennett questioned Sims about the incidents, Sims told her that he did it and then turned himself into police.

As similar transaction evidence, the state introduced the testimony of Sims's biological daughter, S. S., who testified that on more

---

[1] Sims was indicted on three counts of child molestation, but the state nolle prossed one count.

[2] *Harris v. State*, 234 Ga. 871, 873 (218 SE2d 583) (1975), citing *Green v. State*, 123 Ga. App. 286, 287 (3) (180 SE2d 564) (1971).

than one occasion in 1991, when she was eight or nine years old, Sims touched her vagina with his hands and penis, and had intercourse with her. S. S. testified that she contracted a sexually transmitted disease from her father. Sims pled guilty to one count of child molestation involving S. S. and was sentenced to twelve years (the state nolle prossed a charge of aggravated child molestation).

1. Sims contends that the trial court violated OCGA § 17-8-57 when it improperly intimated that venue was proper in the case. The record reflects that the incidents described by B. H. occurred in Henry County, DeKalb County, and Spalding County. During cross-examination, trial counsel questioned B. H. extensively about her recollection of the incidents, focusing particularly on the location of the incidents. At the end of B. H.'s testimony, the following exchange took place between the trial court and B. H.:

Q. You indicated in your direct testimony and, I guess, somewhere in the cross, but I'm not positive, that some of the touching that you said took place was in Locust Grove —

A. Yes.

Q. — where you were living at the time?

A. Yes.

Q. Do you know what county that's in?

A. (No response.)

Q. You said Redan High School was in DeKalb County, Lithonia is in DeKalb County. Do you know where Locust Grove is?

A. In — no, I don't [know] what county Locust Grove —

Q. What school did you go to?

A. I went to Locust Grove Elementary.

Q. Locust Grove —

A. Elementary.

Q. — Elementary. Okay. Your mother was not a teacher, right?

A. Huh?

Q. You had to go there because of where you lived?

A. Yes.

Sims did not object to the court's questioning during trial and has therefore waived his right to pursue the issue on appeal.[3] Notwithstanding, we must consider whether the trial court's actions violated

---

[3] See *Walker v. State*, 282 Ga. 774, 776 (4) (653 SE2d 439) (2007).

OCGA § 17-8-57, and if so, whether that violation constituted plain error.[4] " 'Plain error' is that which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding."[5]

"It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."[6] However,

> [a] trial judge may propound questions to a witness to develop the truth of the case, to clarify testimony, to comment on pertinent evidentiary rules and to exercise its discretion when controlling the conduct of counsel or witnesses in order to enforce its duty to ensure a fair trial to both sides.[7]

Such is the case here. The trial court restated B. H.'s testimony and then asked B. H. if she knew where Locust Grove was located, which she did not. The trial court never stated that the incidents took place in Henry County, and neither expressed his opinion nor commented on what was proved; he merely sought to clarify B. H.'s testimony. The challenged colloquy does not meet the plain error standard.

2. Sims next contends that the trial court erred in instructing the jury on expert witnesses because no witness was tendered or qualified as an expert. We have previously held that "a trial court may charge a jury that certain testimony should be considered expert testimony, even when the [witnesses were] not offered as [experts]."[8] In this case, the charge could have applied to Sergeant Alvin Bearden and Officer Jason Sanders, of the Locust Grove Police Department, who investigated the alleged molestation. Bearden testified as to his experience in law enforcement and explained, without objection, that it was not unusual for child molesters and pedophiles to "pick a specific brand and type of child," in this case, female family members of the same age. Sanders testified as to his training as a POST-certified police officer and his experience and training in criminal investigations. In light of the officers' testimony, there was no error

---

[4] See *Paul v. State*, 272 Ga. 845, 848-849 (3) (537 SE2d 58) (2000).

[5] (Citation and punctuation omitted.) *Lynd v. State*, 262 Ga. 58, 61 (8), n. 2 (414 SE2d 5) (1992).

[6] OCGA § 17-8-57.

[7] (Citations omitted.) *Dickens v. State*, 280 Ga. 320, 324 (3) (627 SE2d 587) (2006). See *Marcus v. State*, 149 Ga. 209, 210 (99 SE 614) (1919).

[8] *Dorminey v. State*, 258 Ga. App. 307, 310 (2) (574 SE2d 380) (2002), citing *Werner v. State*, 246 Ga. App. 677, 680 (3) (538 SE2d 168) (2000).

in the charge.

Nonetheless, even if the officers' testimony did not authorize the charge on expert witnesses, we hold that it is highly probable that the charge did not contribute to the verdict and thus was harmless.[9] In so holding, we reject Sims's claim that the charge "exponentially strengthened" the similar transaction evidence by allowing the jury to infer — based on Bearden's testimony — that Sims's behavior fit the stereotype of a child molester or pedophile.

3. Finally, Sims contends that his trial counsel rendered ineffective assistance. Relying on *Ponder v. State*[10] and *Maxwell v. State*,[11] the state contends that Sims has waived this claim. In *Maxwell*, our Supreme Court affirmed *Ponder*, which "announced a rule that a claim of ineffective assistance of trial counsel may not be asserted in an out-of-time appeal unless the defendant's new appellate counsel files a motion for new trial after the grant of the out-of-time appeal and raises the ineffectiveness claim."[12]

The record reflects that the verdict was filed on August 8, 2006. The trial court granted an out-of-time appeal on October 27, 2006. Sims retained appellate counsel, who filed motions for new trial on November 1, 2006, and November 6, 2006, and an amended motion for new trial on April 13, 2007, none of which raised a claim of ineffective assistance of counsel. A hearing on the motions was conducted on May 1, 2007. On July 11, 2007, Sims filed a pro se "motion for designation of indigency to proceed on appeal in forma pauperis, substitution of appellate counsel and rule nisi order." In that motion, Sims explains that a conflict arose with appellate counsel because he would not raise the claim of ineffective assistance of counsel in Sims's motion for a new trial and that Sims seeks to preserve his right to "pursue claims of trial counsel's ineffectiveness on appeal[, pursuant to *Glover v. State*,[13]] [a]nd the right to be represented by court appointed appellate counsel on said first level of appeal." The trial court denied Sims's motion for new trial on October 4, 2007. On October 16, 2007, appellate counsel moved to withdraw from the case and the trial court granted the motion on November 27, 2007. On October 23, 2007, the public defender's office filed a notice of appeal on Sims's behalf. On June 2, 2008, newly retained appellate counsel filed an entry of appearance.

---

[9] See, e.g., *Durham v. State*, 181 Ga. App. 155, 158 (4) (351 SE2d 683) (1986).

[10] 260 Ga. 840 (400 SE2d 922) (1991).

[11] 262 Ga. 541 (422 SE2d 543) (1992).

[12] Id. at 542 (3).

[13] 266 Ga. 183, 183-185 (2) (465 SE2d 659) (1996).

"A claim of ineffective assistance of counsel must be filed at the earliest practicable moment, or it is considered to be waived."[14] In this case, while still represented by appellate counsel, Sims advised the trial court of his desire to raise the issue of trial counsel's ineffectiveness in his pro se motion and specifically informed the trial court that appellate counsel would not raise the issue. The trial court subsequently denied the motion for new trial without considering the claim and before permitting appellate counsel to withdraw from the case.[15] Sims then retained new appellate counsel who filed an entry of appearance after the filing of the notice of appeal and raised the claim of ineffective assistance with this Court.[16] Under the circumstances, we do not agree with the state that Sims has waived the claim. Because Sims alerted the trial court to his claim of ineffective assistance before a ruling on the motion for new trial, and because appellate counsel, who was retained after the filing of the notice of appeal, raised the issue at the earliest practicable moment, we remand this case to the trial court for a hearing on the claim of ineffective assistance of counsel.[17]

*Judgment affirmed and case remanded for hearing. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 2, 2009.

*Laura K. Cone, Michael N. Peluso*, for appellant.
*Tommy K. Floyd, District Attorney, David E. Slemons, Assistant District Attorney*, for appellee.

---

[14] *Trauth v. State*, 283 Ga. 141, 143 (3) (657 SE2d 225) (2008), citing *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991).

[15] Had appellate counsel been allowed to withdraw in the three months between Sims's pro se motion and the trial court's denial of the motion for new trial, Sims conceivably could have retained a new attorney, who could have filed an amended motion for new trial raising the ineffectiveness claim. As it stood, Sims was at the mercy of appellate counsel who refused to raise the issue on Sims's behalf.

[16] Although the public defender's office filed the notice of appeal on Sims's behalf, there is no evidence that the trial court appointed that office to represent Sims in his appeal.

[17] See, e.g., *Robinson v. State*, 288 Ga. App. 219, 225 (8) (653 SE2d 810) (2007) (remand proper where pro se defendant attempted to raise ineffectiveness claim at motion for new trial hearing but was cut off from making the argument by the trial court); *Thomas v. State*, 282 Ga. App. 1 (637 SE2d 502) (2006).