A09A0442. JEFFCOAT v. THE STATE.
(682 SE2d 131)

DOYLE, Judge.

Following his September 2006 conviction for kidnapping, Albert Jeffcoat (pro se) appeals the trial court's denial of his motion for an out-of-time appeal. Discerning no error, we affirm.

The undisputed record shows that a jury found Jeffcoat guilty of kidnapping in 2006, and, following the denial of his motion for new trial,[1] Jeffcoat filed a timely notice of appeal, which appeal was docketed in July 2007. In September 2007, this Court granted Jeffcoat's motion to withdraw the appeal.

In March 2008, Jeffcoat filed a pro se motion to vacate a void judgment, which was denied in a May 2008 order that was not appealed. In July 2008, Jeffcoat filed the present motion, a pro se motion styled as a motion "to File a Motion for New Trial and Pursue an Appeal Out-of-Time." The trial court denied that motion, noting that it had already ruled on Jeffcoat's prior timely motion for new trial. Jeffcoat now appeals the denial of that motion.

Construing the motion as one for new trial, we note that it was untimely — filed nearly two years after his conviction — and therefore must be considered an extraordinary motion for new trial.[2] The substance of his motion focused on the alleged ineffective assistance of his trial counsel. "The law is clear that any errors which could have been discovered through the exercise of proper

---

[1] The trial court denied his motion for new trial but reduced his life sentence to 20 years.

[2] See OCGA § 5-5-40 (a) ("[a]ll motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict . . .").

diligence cannot form the basis for an extraordinary motion for new trial. It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at the earliest practicable moment."[3] Here, Jeffcoat had, through trial counsel, filed a prior timely motion for new trial, which did not encompass an ineffective assistance claim and which was denied by the trial court. To the extent that his ineffective assistance claim would have been cognizable in his 2007 appeal — because it was the first opportunity Jeffcoat or appellate counsel had to file such a claim[4] — Jeffcoat withdrew that appeal. Thus, his current attempt to appeal this issue is untimely.[5]

Construing Jeffcoat's motion as one for an out-of-time appeal, we note that

> [a]n out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal. In order for an out-of-time appeal to be granted, the burden is on the movant to establish that the procedural deficiency that resulted in the loss of the defendant's right to direct appeal was due to error of counsel. *If there is evidence sufficient to authorize a finding that the movant's conduct caused the loss of the right to direct appeal, the movant is not entitled to an out-of-time appeal.*[6]

We review a trial court's denial of a motion for an out-of-time direct appeal for an abuse of discretion.[7]

Here, the trial court based its decision on the fact that Jeffcoat withdrew his earlier appeal. As this supported the trial court's finding that Jeffcoat caused his loss of the right to a direct appeal, we discern no abuse of discretion. To the extent that Jeffcoat attempts to raise an issue that could not have been raised in the prior appeal, "i.e., ineffective assistance of appellate counsel, a petition for Writ of Habeas Corpus is the proper vehicle to utilize for the development of a record and subsequent review of the substantive claim."[8]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

---

[3] (Citations and punctuation omitted.) *State v. Smith*, 276 Ga. 14, 15 (1) (573 SE2d 64) (2002).

[4] See, e.g., *Sims v. State*, 296 Ga. App. 368, 372 (3) (674 SE2d 392) (2009) (remanding for hearing on ineffective assistance claim asserted for the first time on appeal because notice of appeal was filed by trial counsel prior to appearance of appellate counsel).

[5] See *Ledesma v. State*, 251 Ga. 885, 891 (10) (311 SE2d 427) (1984); *Jennings v. State*, 277 Ga. App. 71, 73 (625 SE2d 492) (2005) (the trial court's orders became final and no longer appealable after appeal was withdrawn).

[6] (Citations and punctuation omitted; emphasis supplied.) *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003).

[7] See *Jackson v. State*, 266 Ga. App. 461 (597 SE2d 535) (2004).

[8] (Emphasis omitted.) *Boney v. State*, 236 Ga. App. 179, 180 (510 SE2d 892) (1999).

DECIDED JUNE 11, 2009 —
RECONSIDERATION DENIED JULY 14, 2009.

Albert L. Jeffcoat, *pro se.*
*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.