**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**August 14, 2012**

# In the Court of Appeals of Georgia

A12A1142. SIMS v. THE STATE.

BARNES, Presiding Judge.

A Henry County jury found Thomas Lincoln Sims guilty of two counts of child molestation,[1] and the trial court denied his motion for new trial. In the first appearance of this case on appeal, we rejected several claims of error raised by Sims and affirmed his convictions, but remanded the case to the trial court for a hearing on his claims of ineffective assistance of counsel. See *Sims v. State*, 296 Ga. App. 368, 371-372 (3) (674 SE2d 392) (2009) ("*Sims I*").[2] On remand, the trial court, after

---

[1] Sims was charged with three counts of child molestation, but the State requested and obtained entry of a nolle prosequi on one of the counts.

[2] In *State v. Gardner*, 286 Ga. 633, 634 (690 SE2d 164) (2010), our Supreme Court disapproved of this Court's articulation, in *Sims I* and other cases, of the "plain error rule" in the context of an alleged violation of OCGA § 17-8-57. That statute addresses illegal comments about the evidence made by the trial court in a criminal

conducting an evidentiary hearing, concluded that Sims could not succeed on his ineffective assistance claims and thus was not entitled to a new trial on that basis. It is from that order that Sims now appeals. We affirm.

In *Sims I*, 296 Ga. App. at 368-369, we summarized the record in this case:

> Viewed in the light most favorable to the verdict, the record shows that on three separate occasions between January 1, 2004, and August 31, 2004, Sims inappropriately touched his ten-year-old stepdaughter B.H. while her mother was at church. B.H. testified that on two occasions, Sims came into her bedroom, wearing only his boxer shorts, and touched her breasts and vagina on top of her pajamas. The third time, Sims touched B.H.'s breasts and vagina under her clothing, and exposed himself to her. B.H. testified that the three incidents occurred at the home she shared with her mother, brother, and Sims, in Locust Grove, Henry County. B.H. also testified about two other encounters with Sims. On one occasion, B.H. was sitting on Sims's lap driving his car down a dirt road when Sims unbuttoned her pants and "started messing with [the] lower part of [her] body." On the other occasion, Sims took B.H. to a "bootleg house" in Spalding County, removed her clothing, and tried unsuccessfully to put his penis in her vagina. B.H. also described a sixth encounter with Sims, which occurred at her grandmother's home in Lithonia, DeKalb County. B.H. told her mother[] . . . about the incidents and [her mother] called the police.

proceeding, and it has no bearing on any of Sims's ineffective assistance claims. *Gardner*, therefore, does not affect the instant appeal.

2

When [B.H.'s mother] questioned Sims about the incidents, Sims told her that he did it and then turned himself into police.

As similar transaction evidence, the [S]tate introduced the testimony of Sims's biological daughter, S.S., who testified that on more than one occasion in 1991, when she was eight or nine years old, Sims touched her vagina with his hands and penis, and had intercourse with her. S.S. testified that she contracted a sexually transmitted disease from her father. Sims pled guilty to one count of child molestation involving S.S. and was sentenced to twelve years (the [S]tate nolle prossed a charge of aggravated child molestation).

(Footnote omitted.)

In the current appeal, Sims maintains that the trial court should have granted his motion for new trial because his trial counsel rendered ineffective assistance in several respects. To succeed on an ineffective assistance of counsel claim under the two-pronged test set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), "[Sims] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance." *Johnson v. State*, 281 Ga. 770, 771 (2) (642 SE2d 827) (2007). If Sims fails to establish either prong of the *Strickland* test, he cannot prove ineffective assistance, and we need not analyze the

other prong. Id. at 771-772 (2). In reviewing a trial court's ruling on an ineffective assistance claim, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003). Mindful of this framework, we turn to the Sims's specific claims of ineffective assistance.

1. Sims first contends that his trial counsel was ineffective for failing to request a contemporaneous limiting instruction on similar transaction evidence when the State introduced the testimony of his biological daughter, S. S., who testified that Sims had molested her when she was eight or nine years old. We disagree.

Sims's trial counsel testified at the hearing on the motion for new trial that he did not ask for a contemporaneous limiting instruction on similar transaction evidence because he wanted to "try to draw the least amount of attention to it as possible." "An attorney's decision not to seek a limiting instruction to avoid drawing attention to the subject of the instruction is a matter of trial strategy that falls within the range of reasonable professional conduct when, as here, it is a reasonable decision." *Ford v. State*, 290 Ga. 45, 49 (5) (d) (717 SE2d 464) (2011). Hence, Sims cannot show that

his counsel was deficient for declining to ask for a contemporaneous limiting instruction.

Furthermore, the trial court gave a limiting instruction on similar transaction evidence in its final charge to the jury. Thus, even if counsel had been deficient in failing to request a contemporaneous instruction, Sims cannot show that but for this deficiency, there is a reasonable probability that the trial result would have been different. See *Breazeale v. State*, 290 Ga. App. 632, 634 (3) (660 SE2d 376) (2008); *Copeland v. State*, 276 Ga. App. 834, 838 (2) (b) (625 SE2d 100) (2005).

Sims contends that the prejudice caused by his trial counsel's failure to request a contemporaneous limiting instruction was greater than in cases like *Copeland*, given that S. S. was called as the State's first witness, and further details about the similar transaction were elicited from a police investigator during cross-examination. We are unpersuaded. The jury was fully apprised of the evidentiary principles applicable to similar transaction evidence at the conclusion of the case immediately before its deliberations, and this was sufficient to cure any potential confusion caused by trial counsel's failure to obtain a limiting instruction when S. S. and the investigator testified about the similar transaction. It follows that Sims cannot prove his claim of ineffective assistance.

2. Sims next argues that his trial counsel was ineffective in his cross-examination of the police investigator assigned to the case. According to Sims, his counsel opened the door during cross-examination for the investigator to emphasize how Sims's prior molestation of S. S. was similar to and corroborated B. H.'s allegations of molestation. Sims asserts that the investigator's testimony elicited by his trial counsel was highly damaging because it amplified for the jury the similarity between the incidents of molestation "over and above" what had been shown through the testimony of S. S.

At the hearing on the motion for new trial, Sims's trial counsel testified that the questions he posed to the investigator on cross-examination were a matter of trial strategy. When the investigator testified, the similar transaction evidence had already been introduced through the testimony of S. S., and trial counsel knew that he had to address it and try to "neutralize" it in some manner. To that end, counsel testified that his questioning of the investigator was aimed at showing that "just because there [is] a similar transaction doesn't mean that Mr. Sims is guilty in this case." And while the investigator clearly was resistant to trial counsel's strategy of minimizing any link between the similar transaction and the current charges, trial counsel did succeed in

getting the investigator to admit that the existence of the similar transaction did not mean that B. H.'s allegations had to be true.

Counsel further testified that the questions he posed to the investigator were aimed at showing that the police thought Sims was guilty of the charges in this case simply because of his prior molestation conviction, which had led to the investigation not being "as thorough . . . as it should have been." Although trial counsel's questioning did lead the investigator to respond defensively by highlighting the similarities between the molestation of S. S. and B. H., his questioning also led the investigator to concede that his interview of B. H. was performed with the child's mother in the room; that his interview of B. H. was not audio or video recorded; that he did not prepare a contemporaneous written report of his interview of B. H.; that no search was performed of the house in Henry County where the molestation of B. H. allegedly occurred; and that no "proper forensic interview" by a trained interviewer was performed.

Under these circumstances, trial counsel's cross-examination of the investigator did not constitute deficient performance.

The scope of cross-examination is grounded in trial tactics and strategy. Trial tactics and strategy, however mistaken they may appear with

7

hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them. Trial counsel's testimony provides some evidence that his decision about what questions to ask on cross-examination of the [investigator] was a matter of reasonable trial strategy. [Sims] failed to rebut the presumption that this strategy was reasonable, and accordingly he failed to support his claim of ineffective assistance.

(Citations and punctuation omitted.) *Martinez v. State*, 303 Ga. App. 166, 174 (4) (b) (692 SE2d 766) (2010).

3. Sims also contends that his trial counsel was ineffective for failing to introduce into evidence the written report of the police officer who was dispatched to B. H.'s home after her mother called the police about the molestation. The narrative portion of the report summarized the officer's interview of B. H. while her grandmother was present. According to Sims, his counsel should have introduced the police report into evidence because it contained statements of B. H. about the nature of the molestation and where it occurred that were inconsistent with her testimony at trial.

Sims's argument is without merit. Trial counsel cross-examined the police officer about his interview of B. H. and was able to get B. H.'s prior inconsistent

8

statements before the jury in that manner without introducing the report itself into evidence. Furthermore, it is not necessary to introduce a witness's prior inconsistent statement into evidence before using it for impeachment. See *Holsey v. State*, 281 Ga. 177, 179 (2) (637 SE2d 32) (2006). And under the continuing witness rule, the narrative portion of the police report could not have gone out with the jury during its deliberations. See *Broadnax-Woodland v. State*, 265 Ga. App. 669, 670 (1) (595 SE2d 350) (2004); *Kent v. State*, 245 Ga. App. 531, 533 (3) (538 SE2d 185) (2000). Accordingly, trial counsel was not deficient for declining to seek to introduce the police report into evidence, and Sims cannot demonstrate that his counsel rendered ineffective assistance.

4. Lastly, Sims asserts that his trial counsel was ineffective for failing to introduce into evidence the affidavit of the police investigator that was part of his application for an arrest warrant. Sims maintains that his trial counsel should have introduced the affidavit into evidence because it reflected that B. H.'s initial allegations of molestation differed from what she later claimed at trial. But Sims cannot show that his trial counsel was deficient, given that his counsel cross-examined the investigator about the substance of the affidavit, and, in doing so, placed the inconsistencies in B. H.'s allegations before the jury without attempting

9

to introduce the affidavit itself into evidence. For the same reasons discussed supra in Division 3, Sims is unable to succeed on his final ineffective assistance claim, and the trial court committed no error in denying his motion for new trial.

*Judgment affirmed. Adams and McFadden, JJ., concur.*