# Court of Appeals
# of the State of Georgia

ATLANTA,  May 09, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1099.  RODERICK PRESTON v. THE STATE.**

A jury convicted Roderick Preston of DUI less safe and related offenses, and the state court entered a judgment of conviction on January 21, 2015. Preston's then-counsel filed a timely motion for new trial, which the state court denied on September 15, 2015. The next entry in the record relating to Preston's judgment is the filing of a pro se motion for new trial on October 11, 2016. The state court denied this motion on June 7, 2017, and Preston filed a notice of appeal on July 7, 2017. We lack jurisdiction.

First, we are without jurisdiction to consider an appeal from the September 15, 2015 order denying Preston's first motion for new trial. A notice of appeal must be filed within 30 days of the entry of a directly appealable order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Although the order denying Preston's first motion for new trial was directly appealable, the notice of appeal was not filed until 661 days after the entry of that order.

Second, we are without jurisdiction to consider an appeal from the June 7, 2017 order denying Preston's second motion for new trial. Preston's second motion for new trial must be construed as an extraordinary motion for new trial because it was filed after the state court denied his first motion for new trial. See OCGA § 5-5-41 (b); *Jeffcoat v. State*, 299 Ga. App. 54, 54 (682 SE2d 131) (2009); see also OCGA § 5-5-40 (a). Further, an appeal from the denial of an extraordinary motion for new trial requires compliance with the discretionary appeal procedure. See OCGA § 5-6-

35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327 (489 SE2d 129) (1997). Thus, the notice of appeal is also ineffective as to the order denying Preston's second motion for new trial.

Because Preston failed to file a notice of appeal within 30 days of a directly appealable order, this appeal is hereby DISMISSED for lack of jurisdiction. While Preston's current counsel states in his appellate brief that on September 12, 2016, the superior court issued a consent order granting in part Preston's habeas corpus petition and that this reinstated the proceedings as to the motion for new trial in state court, the record contains no such order.

As Preston was represented by counsel in the trial court in connection with his first motion for new trial, he is hereby informed of the following in accordance with *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995). This appeal has been dismissed because of your counsel's failure to file a timely notice of appeal. If you still wish to appeal, you may petition the trial court for leave to file an out-of-time appeal. If the trial court enters an order granting your request, you will have 30 days from the filing date of that order to file a notice of appeal referencing your conviction. If the trial court enters an order denying your request, you will have 30 days from the filing date of that order to file a notice of appeal referencing the denial of your request for an out-of-time appeal.

The Clerk of Court is directed to send a copy of this order to Preston as well as to Preston's current attorney, who is also directed to send a copy to Preston.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  05/09/2018
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia. Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*