# Court of Appeals
# of the State of Georgia

ATLANTA, March 18, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1566.  KEVIN TRAMELL UPKINS v. THE STATE.**

In February 2010, Kevin Tramell Upkins was convicted by a jury of armed robbery.  Upkins filed a timely motion for new trial, which was denied by the trial court in October 2013.  Upkins appealed.  This court affirmed Upkins's conviction in an unpublished opinion. *Upkins v. State*, Case No. A14A1952 (decided March 25, 2015).  Then, in November 2018, Upkins filed a pro se motion for new trial.  The trial court denied the motion, and Upkins filed this direct appeal.  We, however, lack jurisdiction.

Upkins's second motion for new trial must be construed as an extraordinary motion for new trial because it was filed after the trial court denied his first motion for new trial and eight years after the judgment of conviction.  See OCGA § 5-5-41 (b); *Jeffcoat v. State*, 299 Ga. App. 54, 54 (682 SE2d 131) (2009); see also OCGA § 5-5-40 (a).  An appeal from the denial of an extraordinary motion for new trial requires compliance with the discretionary appeal procedure set forth in OCGA § 5-6-35.  See OCGA § 5-6-35 (a) (7); *Balkcom v. State*, 227 Ga. App. 327, 331-332 (489 SE2d 129) (1997).  "The requirements of OCGA § 5-6-35 are jurisdictional, and this court cannot accept an appeal not made in compliance therewith." *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989).  Upkins's failure to file an application for

a discretionary appeal deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  03/18/2019  *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*