A92A0914. RUCKER v. THE STATE.
(423 SE2d 51)

JOHNSON, Judge.

Thaddeus Hernandez Rucker appeals from his conviction of operating a motor vehicle after having been declared an habitual violator and the denial of his motion for a new trial. In his sole enumeration of error, Rucker contends that the trial court erred in allowing the State to impeach a defense witness by proof of the witness' prior criminal conviction without introducing a certified copy of the conviction. This enumeration is without merit because the trial court's ruling, although erroneous, was harmless.

Evidence presented at trial showed that a police officer stopped a jeep being driven in a reckless manner. Rucker was seated in the driver's seat of the jeep and Andre Payne was in the passenger seat. Rucker asserted as his defense that he was actually the passenger in the jeep and that Payne was the driver. Rucker claimed that he and Payne switched places after being pulled over by the officer because Payne was on parole and feared revocation of his parole status. Payne testified on behalf of Rucker. The State attempted to impeach Payne by questioning him about a prior criminal conviction without introducing a certified copy of that conviction.

It is well-settled that evidence of a witness' prior convictions must be tendered and admitted in the form of certified copies of the convictions and not by testimony alone. See *Richards v. State*, 157 Ga. App. 601, 602-603 (278 SE2d 63) (1981); see also *Allen v. State*, 152 Ga. App. 481 (263 SE2d 259) (1979). It was therefore error for the trial court to allow oral evidence of Payne's prior felony convictions absent certified copies of the convictions. However, such error was harmless given the circumstances of the instant case.

Where error inures to the benefit of the defendant it is harmless. See generally *Kirk v. State*, 252 Ga. 133 (311 SE2d 821) (1984). Rucker benefitted from the improper introduction of Payne's prior felony convictions as such convictions supported the defense theory that Payne switched seats with Rucker in the jeep to avoid having his parole status revoked.

Furthermore, the transcript shows that during the sentencing phase of the trial, Rucker admitted that he was, in fact, the driver of the jeep at the time that the officer stopped them. An admission during the sentencing phase is considered an admission in judicio and as such renders all trial error harmless. See *Johnson v. State*, 171 Ga. App. 91 (318 SE2d 799) (1984); see also *Harris v. State*, 133 Ga. App.

310 (211 SE2d 144) (1974). In order for an error at trial to warrant reversal on appeal such error must be harmful. *Greer v. State*, 201 Ga. App. 775 (2) (412 SE2d 843) (1991).

*Judgment affirmed. Pope, J., concurs. Carley, P. J., concurs in judgment only.*

DECIDED SEPTEMBER 30, 1992.

*Shandor S. Badaruddin*, for appellant.

*Lewis R. Slaton, District Attorney, Henry M. Newkirk, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.