S11A0909. FORD a/k/a BEEBE[1] v. THE STATE.

(717 SE2d 464)

BENHAM, Justice.

Scottie McCombs died on February 25, 2007, as a result of gunshot wounds he received to his right eye, hand, thigh, hip, and foot as he approached his parked car on a southwest Atlanta street. Appellant Demetrius Ford, also known as Delrico Beebe, was arrested on July 7, 2007, and was convicted in 2009 of the malice murder of McCombs and possession of a firearm during the commission of a crime and while a convicted felon. In his appeal he contends his convictions are the results of ineffective assistance of counsel and of errors made by the trial court.[2]

1. Shortly before his death, McCombs was living with Peronica Ford and her children, five of whom were fathered by McCombs and two of whom were fathered by appellant Ford. A convicted felon testified that he saw appellant waiting for someone to exit a house about three blocks from appellant's residence, and saw appellant shoot the victim repeatedly shortly after the victim left the house. The witness testified that appellant later told him he had shot the victim because the victim had disciplined appellant's son. Peronica Ford's mother and appellant's son both testified that appellant had said he was going to kill the victim two days before the victim was killed. The State and defense counsel stipulated that appellant was a convicted felon on the day the victim was killed. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder, possession of a firearm

---

[1] Appellant was tried under the name Demetrius Ford but testified his name is Delrico Beebe. The jury returned guilty verdicts against Ford a/k/a Beebe, and the trial court imposed sentence on Ford a/k/a Beebe.

[2] The victim was killed on February 25, 2007, and appellant was indicted on October 16, 2007, for malice murder, felony murder, aggravated assault, and the two firearm possession charges. The trial took place June 16-19, 2009, and concluded with the jury finding appellant guilty of all charges. The trial court sentenced appellant on June 22, 2009, to life imprisonment for the malice murder conviction and to two consecutive five-year terms for the firearm convictions. The trial court merged the aggravated assault conviction into the malice murder conviction, and the felony murder conviction was vacated by operation of law. Appellant filed a motion for new trial on June 26, 2009, and amended it on October 12, 2010. A hearing was held on the motion on October 25, 2010, and the trial court denied the amended motion on December 3, 2010. Appellant filed a timely notice of appeal on December 30, and the case was docketed to this Court's April 2011 term. The case was submitted for decision on the briefs.

by a convicted felon, and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the assistant district attorney (ADA) engaged in prosecutorial misconduct that adversely affected the outcome of the trial when, on re-direct examination of Peronica Ford, he asked her whether she recalled having seen appellant with a gun on an unspecified earlier occasion. Evidence of the incident about which the ADA wished the witness to testify had been ruled inadmissible earlier by the trial court because it did not qualify as evidence of a purported similar transaction. After appellant objected to the ADA's question, the ADA stated his belief that defense counsel's cross-examination of the witness had "opened the door" to the ADA's inquiry on re-direct. After both sides consulted with appellate attorneys in their respective offices, the ADA decided not to pursue the inquiry, and the trial court sustained defense counsel's objection. Whether or not the ADA was correct in his belief that defense counsel's cross-examination authorized him to explore an incident that had been ruled as not qualifying for admission as a similar transaction, appellant received a favorable ruling on his objection, and none of the details of the incident were made known to the jury. Consequently, the ADA's action did not qualify as prosecutorial misconduct authorizing a reversal of appellant's convictions. See *Willis v. State*, 309 Ga. App. 414 (5) (710 SE2d 616) (2011).

3. Appellant next asserts the trial court abused its discretion when it overruled appellant's objections to Peronica Ford's testimony on re-direct in which she stated that appellant had shot her in the face with a pellet gun some years ago.[3] On cross-examination by defense counsel, Ms. Ford had denied telling police that she had never seen appellant with a gun, and defense counsel had impeached her with her statement to police in which she stated she had never seen appellant with a gun. On re-direct, the witness clarified that she had not seen appellant with a gun when the victim was shot, but that she had seen him with a gun when she and appellant were living together. Over objection that the testimony was irrelevant, the witness was permitted to testify that appellant had shot her with a pellet gun during an argument some years earlier. The trial court did not abuse its discretion in making the evidentiary ruling since the State is permitted to rehabilitate a witness whose credibility has been attacked, and Ms. Ford's testimony concerning the earlier incident in which she had seen appellant with a gun was relevant to explain her clarification. *Fox*

---

[3] This incident was not the incident that was the subject of Division 2, supra.

*v. State*, 289 Ga. 34 (3) (709 SE2d 202) (2011).

4. Appellant presented an alibi defense through his testimony and that of several family members. During cross-examination by the State, appellant denied that he was "on the phone with [his] mother, trying to get everybody in the family on the same times" with regard to his alibi. In rebuttal, the State presented recordings of appellant's jailhouse telephone conversations with his mother that took place during appellant's pre-trial confinement. In the recording, appellant's mother stated "we are all off time" and "we are all over the place with time." Appellant argues that the trial court erred in admitting the tape recordings over appellant's objections that the recorded conversation allowed the jury to hear evidence that placed defense counsel's integrity in issue and allowed the jury to infer the appearance of impropriety and misconduct on the part of defense counsel. After listening to the tape several times outside the presence of the jury, the trial court stated it was not convinced the tape impugned defense counsel's character and agreed with the suggestion of the ADA that, when the tape was played before the jury, it would be stopped before defense counsel was mentioned by appellant or his mother. There is nothing in the record that suggests the ADA did not comply with the trial court's ruling.[4] Since the facts do not support appellant's assertion on appeal, there is nothing to review.

5. Appellant contends his convictions are the result of trial counsel's ineffective assistance.

> To prevail on his claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30 (4) (644 SE2d 837) (2007). Appellant cites as deficient performance counsel's failure to object to the ADA's questioning of Peronica Ford concerning appellant's financial support of his children, counsel's failure to object to certain testimony from the lead detective in the case and from a convicted felon, and counsel's failure to request curative instructions following the ADA's decision not to pursue a line of questioning on appellant's prior use of a gun.[5] "[A] court must indulge a strong presumption that counsel's conduct falls within a

---

[4] The contents of the audiotape were not taken down by the court reporter when it was played at trial, and the audiotape was not a part of the appellate record docketed in this Court.

[5] Appellant also contends counsel performed deficiently by failing to make a "proper

wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland v. Washington*, 466 U. S. 668, 689 (104 SC 2052, 80 LE2d 674) (1984).

(a) Appellant complains trial counsel rendered deficient performance when she did not object to testimony from Peronica Ford that allegedly attacked appellant's character. Ms. Ford testified that appellant had not provided financial support for his children until she obtained a child support warrant, pursuant to which appellant made a few payments. At the hearing on the motion for new trial, defense counsel testified that she chose not to object to the testimony because it showed the witness's bias against appellant, a key issue in counsel's mind, and counsel knew appellant was going to testify and would establish that he had provided for his children. In light of this reasonable strategy, we cannot say counsel performed deficiently. *Jennings v. State*, 288 Ga. 120 (6) (c) (702 SE2d 151) (2010) (decision not to object to character evidence so that jury could see witness's bias against defendant was a reasonable strategic decision).

(b) Appellant next sees ineffective assistance of counsel in defense counsel's failure to object to testimony given by the lead detective, which appellant contends was an impermissible comment on appellant's credibility. The detective testified that he spoke with appellant during the investigation of the victim's murder and appellant explained his whereabouts at the time the crime was committed by saying that he was in the middle of a three-hour journey by means of public transit from work to home. The detective testified that the alibi "appeared . . . that it might have been staged [because] the times were too exact."[6] At the hearing on the motion for new trial, defense counsel could not recall why she did not object and admitted she probably should have objected. Even if we assume defense counsel performed deficiently when she did not object, appellant has failed to prove the prejudice prong of ineffective assistance of counsel: that, but for counsel's error, the outcome of his

---

objection" when the trial court overruled her objection to testimony concerning appellant's prior use of a gun. However, as noted in Division 2, supra, defense counsel did object to the testimony cited in appellant's enumeration of error and that objection was sustained by the trial court before the witness testified about the facts of the prior incident. There being no deficient performance with regard to this allegation, it cannot support a finding of ineffective assistance.

[6] During cross-examination by the ADA, appellant testified that the distance between his workplace and his home was five miles and that it took "a couple of hours to get home." He later agreed that it took 2½-3 hours to cover the five-mile distance via public transit, and acknowledged that he had never delivered to the detective the bus schedule he had promised to provide.

trial would have been different. *Pruitt v. State*, supra, 282 Ga. at 34. In light of the evidence of appellant's guilt, i.e., an eyewitness who identified appellant as the person who shot the victim and told the jury why appellant said he had killed the victim, and appellant's son and the child's maternal grandmother who testified about appellant threatening to kill the victim within two days of the victim's death, appellant has not established that the failure to object to the detective's observation changed the outcome of appellant's trial.

(c) The convicted felon who testified he saw appellant shoot the victim also testified that he had used his cellular phone to take a photograph of the victim's body shortly after the shooting and had sent the photo to a friend. The witness testified he came forward to testify against appellant because two weeks after the shooting, appellant sent two men to the witness's home where they expressed their displeasure at him for having photographed the body of the dead victim, pistol-whipped the witness, and robbed him of his telephones, cash, a TV, and car keys. Appellant contends defense counsel rendered ineffective assistance when she failed to object to alleged bad-character evidence, i.e., the testimony that appellant was responsible for the beating the witness suffered. At the hearing on the motion for new trial, defense counsel testified she did not object because she did not find the witness to be credible and hoped that the witness's testimony would show the jurors he was not credible. Assuming that the testimony placed appellant's character in issue, the decision not to object to such testimony is a matter of trial tactics (*Greenwood v. State*, 309 Ga. App. 893 (1) (a) (714 SE2d 602) (2011)), and, as a general rule, matters of reasonable trial tactics do not amount to ineffective assistance of counsel. *Grier v. State*, 273 Ga. 363 (4) (541 SE2d 369) (2001).

(d) Appellant next complains that defense counsel's performance was deficient when she did not ask for remedial jury instructions after the trial court permitted Peronica Ford to testify about the prior incident in which appellant fired a pellet gun at her (see Division 3, supra), and sustained defense counsel's objection to the witness testifying about another incident in which appellant purportedly used a gun to injure someone. See Division 2, supra. At the hearing on the motion for new trial, defense counsel testified she did not ask for a jury instruction because a charge would have served to highlight the damaging testimony. An attorney's decision not to seek a limiting instruction to avoid drawing attention to the subject of the instruction is a matter of trial strategy that falls within the range of reasonable professional conduct when, as here, it is a reasonable decision. *Phillips v. State*, 285 Ga. 213 (5) (c) (675 SE2d 1) (2009). The trial court did not err when it determined that defense counsel had not rendered ineffective assistance to appellant.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 7, 2011.

*Dell Jackson,* for appellant.

*Paul L. Howard, Jr.,* District Attorney, *Paige Reese Whitaker, Elizabeth A. Baker, Sheila E. Gallow,* Assistant District Attorneys, *Samuel S. Olens,* Attorney General, *Mary Beth Westmoreland,* Deputy Attorney General, *Paula K. Smith,* Senior Assistant Attorney General, for appellee.