### S13A0409. VANSTAVERN v. THE STATE.
(744 SE2d 42)

HINES, Justice.

Joseph Norman Vanstavern appeals the denial of his motion for new trial and his convictions and sentences for malice murder and possession of a firearm or knife during the commission of a crime in connection with the fatal shooting of Joey Lankford Rush. He claims reversible error in the trial court's mention to the jury of a redacted count in his indictment and maintains that his trial counsel was ineffective. For the reasons that follow, the challenges are without merit, and we affirm.[1]

The evidence construed in favor of the verdicts showed the following. On September 7, 2006, Vanstavern and his girlfriend Amie Hopson arrived at his home in Carroll County and found Hubert Warren and Joey Rush on the property. Warren was there to get some scrap metal for his sister, who was Vanstavern's ex-wife; Rush was there to "help himself" to Vanstavern's belongings because of a debt he believed Vanstavern owed him. Vanstavern saw the two men taking heavy equipment, car parts, and tools from his truck parked in his driveway, and he rushed down the driveway wielding a .22 caliber revolver. Warren ran to a wooded area, but Rush was not able to do so because of prior injuries. Vanstavern fired the pistol, striking Rush in the head and killing him. When police arrived, Rush was found in a sitting position with his back against Vanstavern's truck. Vanstavern

---

[1] The crimes occurred on September 7, 2006. On January 23, 2007, a Carroll County grand jury returned an indictment against Vanstavern charging him with: Count 1 – malice murder; Count 2 – felony murder while in the commission of aggravated assault; Count 3 – aggravated assault; Count 4 – possession of a firearm by a convicted felon; and Count 5 – possession of a firearm or knife during the commission of a crime. Vanstavern was tried before a jury April 30-May 4, 2007, and found guilty of Counts 1, 3, and 5; no verdict was returned on Count 2, and Count 4 was dead docketed. On May 4, 2007, he was sentenced to life in prison on Count 1, a concurrent ten years in prison on Count 3, and five years in prison on Count 5, to be served consecutively to the sentence on Count 1. A motion for new trial was filed on May 9, 2007, and an amended motion for new trial was filed on March 1, 2010. On June 20, 2011, the trial court entered an order denying the motion for new trial, and on July 15, 2011, the trial court entered an amended order denying the motion for new trial but vacating Vanstavern's sentence on Count 3, based upon the finding that such count merged with Count 1 for the purpose of sentencing. A notice of appeal was filed on August 12, 2011, and the case was docketed in this Court for the January 2013 term. The appeal was submitted for decision on the briefs.

and Hopson fled the scene and went to Hopson's mother's house, where Vanstavern left the firearm and drove away on a four wheeler. A deputy observed the crime scene, then went to Hopson's mother's home in search of the weapon and Vanstavern.

When interviewed by police, Vanstavern admitted to shooting Rush and chasing Warren. After the police indicated to Vanstavern that one cannot shoot people for stealing, he stated that Rush had lunged at him. The medical examiner determined that the bullet entered Rush's temple in a downward direction. At trial, the crime scene investigator testified that victim Rush was likely already sitting when he was shot, and there was no evidence of a struggle.

1. The evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Vanstavern was guilty of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Vanstavern contends that the trial court committed reversible error by informing the jury at the beginning of the trial of the redacted count of possession of a firearm by a convicted felon and then failing to provide adequate curative instructions to remedy the error.

The record reveals that the trial court inadvertently mentioned the redacted count along with the remaining charges, and the misstatement was brought to the court's attention by the State. Defense counsel did not object or request corrective measures, but commented "What do [you] think now, though? The jurors have heard it." The State then asked the trial court to give a curative instruction, and the court instructed the jury about the four counts it was to consider.

In order to preserve a point of error, there must be a proper objection on the record at the earliest possible time, and Vanstavern did not make a contemporaneous objection to the trial court's mistake. *Stacey v. State*, 292 Ga. 838 (741 SE2d 881) (2013). However, even if defense counsel's query to the trial court is deemed to suffice as a timely objection so as to preserve the issue for appeal, Vanstavern's complaint does not mandate a new trial. When prejudicial matter is placed before the jury in a criminal case, the trial court is to determine whether a mistrial is warranted as the only corrective measure or whether any prejudicial effect can be remedied by instructing the jury about what it is to properly consider. *Stanley v. State*, 250 Ga. 3 (2) (295 SE2d 315) (1982). The determination of necessity for a mistrial is in the discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal unless it is essential to preserve the defendant's right to a fair trial. *McCoy v. State*, 292 Ga. 296, 297 (3) (736 SE2d 425) (2013). The trial court found that the mistake of reading the indictment in full was of a vague and de minimis nature and did not have any influence on Vanstavern's trial.

In light of the fact that there was a single mention of the redacted count in an initial reading of the indictment and in light of the trial court's curative measure of enumerating for the jury the charges properly before it, a mistrial was not essential to preserve Vanstavern's right to a fair trial. Id.

3. Vanstavern contends that his trial counsel provided ineffective assistance because counsel performed deficiently and substantially harmed Vanstavern's defense of justification, citing three alleged deficiencies. However, in order to succeed with his claim of counsel's ineffectiveness, Vanstavern must show that his trial counsel's performance fell below a reasonable standard of conduct and that there was the reasonable probability that the outcome of his case would have been different but for counsel's deficient performance. *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984); *Scott v. State*, 290 Ga. 883, 889 (7) (725 SE2d 305) (2012). To meet the first prong of *Strickland*, he must overcome the strong presumption that his attorney's performance was within the wide range of reasonable professional conduct, and that the attorney's decisions were made in the exercise of reasonable professional judgment; the reasonableness of counsel's conduct is considered from the attorney's perspective at the time of trial and under the particular circumstances of the case at hand. *Cloud v. State*, 290 Ga. 193, 197 (4) (719 SE2d 477) (2011). What is more, the trial court's factual findings and credibility determinations are to be accepted unless clearly erroneous, but this Court independently applies the legal principles to the facts. Id.

(a) Vanstavern first argues that trial counsel was ineffective for failing to request an adequate curative instruction and move for a mistrial when the trial court mentioned the charge of possession of a firearm by a convicted felon, which he maintains disclosed improper character evidence to the jury.

At the hearing on the motion for new trial, as amended, trial counsel testified that he did not move for a mistrial when the trial court read the redacted count along with the rest of the indictment because he believed that it would not have any influence on the jury and because the trial court gave an adequate curative instruction. In general, a matter of reasonable trial strategy does not amount to ineffective assistance of counsel. *Phillips v. State*, 285 Ga. 213 (675 SE2d 1) (2009). And, the decision not to object usually is a matter of strategy. *Ford v. State*, 290 Ga. 45, 48 (5) (a) (717 SE2d 464) (2011). Vanstavern maintains that counsel was remiss for not requesting the trial court to further instruct the jury regarding the redacted charge, presumably by specifically directing the jury to disregard its mention

of the charge. However, it would be difficult to find that it is unreasonable as a matter of law to elect not to draw the jury's attention to the mention of a prior conviction, but rather to allow the court to emphasize which charges the jury is to decide. But, even assuming arguendo that such decision is deemed to be unreasonable, this does not aid Vanstavern's claim of ineffectiveness because Vanstavern cannot satisfy the prejudice prong of ineffective assistance of counsel, that is, that but for counsel's error, the outcome of his trial would have been different. Id. at 48-49 (5) (b). As has already been determined, Vanstavern was not denied his right to a fair trial so that a mistrial was warranted. See Division 2, supra.

(b) Vanstavern next contends that his trial counsel was ineffective for failing to properly object to testimony from the crime scene investigator that the victim was in a crouching or "down position" when he was shot. Defense counsel objected to the testimony for lack of foundation; however, Vanstavern argues that the testimony was outside the scope of the investigator's expertise, which he claims was limited to "crime scene reconstruction," and that the testimony caused him harm because it countered his defense that the victim had lunged at him.

Vanstavern fails to demonstrate that testimony about a victim's physical positioning at the time of fatal injury is generally outside the bounds of "crime scene reconstruction" expertise, so that any further objection by defense counsel was warranted. In fact in a criminal case, based on experience and training in the field of criminal investigation and crime scene reconstruction, an expert is authorized to render an opinion about the consistency of the physical evidence with a hypothetical sequence of events surrounding the shooting. *Almond v. State*, 274 Ga. 348, 349 (2) (553 SE2d 803) (2001). Therefore, no deficiency by trial counsel has been shown. *Strickland v. Washington*, supra.

(c) Finally, Vanstavern argues that trial counsel was ineffective for asking the interrogating detective who was testifying as a State's witness whether at the time of the police interview charging Vanstavern with murder was "a foregone conclusion," thereby "eliciting harmful opinion testimony from the detective which went towards the ultimate issue of fact and invaded the province of the jury."

But, the complaint is unavailing. Decisions about what to ask on cross-examination are quintessentially trial strategy. *Chance v. State*, 291 Ga. 241, 247 (7) (b) (728 SE2d 635) (2012). And, the cited portion of the cross-examination of the detective was part of defense counsel's strategy to undermine the credibility of law enforcement's decision to

arrest Vanstavern for murder. Trial counsel was attempting to demonstrate that from the beginning police summarily dismissed Vanstavern's version of events and claim of self-defense as "unimportant," and were predisposed to view the shooting only as a murder. While it certainly can be argued that such a strategy contained an element of risk, it cannot be found unreasonable as a matter of law. See Division 3 (a), supra. Indeed, the trial court's instruction to the jury made plain that the charges against Vanstavern were just that, and that the State had the burden to prove such charges beyond a reasonable doubt.

Vanstavern has failed to carry the burden of demonstrating that he suffered the ineffective assistance of counsel.

*Judgments affirmed. All the Justices concur.*

DECIDED JUNE 3, 2013.

*Sheueli C. Wang*, for appellant.

*Peter J. Skandalakis, District Attorney, Jeffery W. Hunt, Raymond C. Mayer, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine T. Parvis, Assistant Attorney General*, for appellee.