**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**February 24, 2014**

# In the Court of Appeals of Georgia

A13A1696. HUDSON v. THE STATE.

RAY, Judge.

After a jury trial, Johnny Hudson was convicted of one count of theft by taking (OCGA § 16-8-2). He appeals from that conviction and from the denial of his motion for new trial, arguing that he received ineffective assistance of counsel and that the trial court failed to conduct the proper balancing test or to make findings on the record regarding convictions to be used for impeachment purposes. Finding no error, we affirm.

Following a criminal conviction, the defendant is no longer presumed innocent, and we view the evidence in the light most favorable to the verdict. *Sidner v. State*, 304 Ga. App. 373, 374 (696 SE2d 398) (2010). So viewed, the evidence adduced at trial shows that on August 16, 2010, Michael Durden, the service manager at a

Firestone tire store in Douglasville, noticed Hudson and another man, later identified as Hudson's brother,[1] loading tires from the store's bin of used tires into their van. At this initial contact, Durden told the men to stop loading the tires, that the store employed a service to remove the tires, and that the store would get into trouble if anyone else removed the tires. The men then left. Approximately 30 minutes later, Durden noticed the two men back their van up to the store's tire bins again, but they left when he told them to stop and informed them that they could go to jail if they did not leave the tires alone. Later that evening, when Durden was closing the store, he again noticed the two men driving near the back of the building, but he did not speak to them. Durden testified that no one had permission to take the tires and that the area where the tires were located had a sign posted stating "do not take tires." Maurice Martin, the Firestone store manager, testified that there is a store policy against reselling or giving away tires to anyone other than a licensed recycler possessing a contract with the store.

Officer Julie Bustamante, an officer with the Douglasville Police Department, testified that she went to the Firestone store after receiving a 911 phone call reporting

---

[1] Hudson's brother pled guilty to theft by taking for the same incident and testified at Hudson's trial on behalf of the State.

suspicious behavior at that location. Upon arriving at the store, the officer found Hudson and his brother loading a van with tires from the back of the Firestone store. The men told the officer that they had received permission from an employee of the store to take the tires. Hudson told the officer that he did not know the employee's name, but knew that he drove a red pick up truck. The store's manager told the officer that no employee of his store matched that description.

Hudson testified at trial that he had received permission to remove the tires from a Firestone employee named John. The State then called John Brewer, a former Firestone employee, who testified that he had never given Hudson permission to take the tires.

1. In several enumerations of error, Hudson argues that his trial counsel rendered constitutionally ineffective assistance. In order to prevail on a claim for ineffective assistance, Hudson

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). If a defendant fails to meet his burden on one prong of the two-prong test, then the other prong need not be reviewed by this Court. *Wright v. State*, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012). Additionally, there is a strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct, and a criminal defendant must overcome this presumption. *Chapman v. State*, 273 Ga. 348, 350 (2) (541 SE2d 634) (2001). "The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case." (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004). In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." (Citation and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) Hudson alleges that his counsel was ineffective for failing to object when the prosecutor used his brother's criminal history when cross-examining him, rather than his own.

Hudson testified in his own defense during trial. His testimony on direct examination included admissions that he been convicted on drug charges in the past.

4

During cross-examination, the prosecutor asked Hudson about his convictions of nine additional crimes, which Hudson denied committing.[2] It was ultimately revealed, however, that the prosecutor had been incorrectly relying upon Hudson's brother's criminal record during cross-examination. The State then sought to justify its confusion by asking Hudson if he had once previously given his brother's name as his own during an arrest. Hudson explained that he had mistakenly given his brother's drivers' license to an officer during an arrest, but that he immediately cleared up the mistake. At the prosecutor's request, the trial court then issued a curative instruction informing the jury that Hudson had been questioned using the wrong criminal history and that they were to disregard those questions.

Hudson contends that his counsel rendered ineffective assistance by failing to object or to request a mistrial after the State sought to impeach him with the wrong criminal record. At the motion for new trial hearing, Hudson's trial counsel testified that his decision not to request a mistrial after the State questioned Hudson using the

_____

[2] When questioned about a 1999 conviction for theft by shoplifting, Hudson testified that had not been convicted of shoplifting, but that he had once been questioned by store personnel for walking out of the store while wearing a pair of sunglasses he had been trying on. However, he testified that the store personnel, upon realizing he made an honest mistake, allowed him to leave without further investigation.

wrong report was strategic because Hudson's truthful answers "made [Hudson] look more credible as a witness." He further stated that he made the strategic decision not to move for a mistrial because he believed his client had done a good job denying the erroneous charges on the stand and the trial court's curative instruction would show the jury that he had, in fact, been telling the truth. " In general, a matter of reasonable trial strategy does not amount to ineffective assistance of counsel. And, the decision not to object is usually a matter of strategy." (Citations omitted.) *Vanstavern v. State*, 293 Ga. 123, 125 (3) (a) (744 SE2d 42) (2013). "The standard regarding ineffective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight, but counsel rendering reasonably effective assistance." (Citation and punctuation omitted.) *Farris v. State*, 293 Ga. App. 674, 679-680 (3) (667 SE2d 676) (2008). The cases cited by Hudson in his brief do not demand a different conclusion because there was no evidence that the alleged errors of trial counsel in those cases were part of a valid trial strategy. See *Whitaker v. State*, 276 Ga. App. 226, 226-227 (1) (622 SE2d 916) (2005); *Sinkfield v. State*, 217 Ga. App. 527 (458 SE2d 664) (1995).

Further, even assuming that trial counsel's failure to object to the State's line of questioning or to move for a mistrial constituted ineffective assistance, Hudson has

6

not proven that such a failure prejudiced his defense in light of the curative instructions provided by the trial court. See *Sims v. State*, 268 Ga. 381, 382 (2) (489 SE2d 809) (1997) (finding that curative instructions were an "adequate remedy" when a defendant's character was improperly placed into evidence by testimony regarding his prior convictions or criminal acts, especially when such testimony was inadvertent).

(b) After the trial court issued its curative instruction, the State then questioned Hudson regarding a time when he had been arrested and provided his brother's drivers' license, rather than his own, to officers. Hudson admitted that he had, on one occasion, given his brother's drivers' license information as his own during an arrest, but that he immediately corrected the mistake. Hudson argues that his trial counsel's failure to object to this line of questioning constituted ineffective assistance. At the motion for new trial hearing, his trial counsel testified that his decision not to object was strategic because he believed that Hudson was doing well testifying on the stand and that his truthful answers were "having an effect on the jury."

Further, even assuming that trial counsel's failure to object constituted ineffective assistance, Hudson has not shown that there is a reasonable probability that the outcome of the proceedings would have been different if his trial counsel had

7

successfully objected to this testimony. Hudson incorrectly contends on appeal that the evidence presented at trial was solely a matter of his credibility against that of the Firestone employee he asserts gave him permission to take the tires. Rather, the evidence presented at trial showed that Hudson and his brother were caught loading tires into the van; that the store had a sign instructing people not to remove tires; that the store's service manager had twice told the brothers to leave and not to take the tires; and that his brother accepted a guilty plea for the same incident. Although Hudson testified that a Firestone employee named John had told them that they could take the tires, John took the stand in rebuttal and stated that he had never given the brothers permission to take the tires. See *Thomas v. State*, 291 Ga. App. 795, 804-805 (6) (662 SE2d 849) (2008) (trial counsel did not render ineffective assistance by failing to object to admission of witnesses' prior convictions when trial counsel's decision not to object was strategic and was not prejudicial to his client's defense because other evidence presented in the case supported the jury's verdict).

(c) Hudson argues that his trial counsel was ineffective for failing object to the State's use of convictions that were over ten years old and for failing to request a

8

probative value hearing as to the convictions to be used or the age of the charges under former Georgia Evidence code, OCGA § 24-9-84.1.[3]

OCGA § 24-9-84.1 (b) "applies to prior felony *convictions* that are more than ten years old." (Emphasis supplied.) *Clay v. State*, 290 Ga. 822, 837 (3) (B) (725 SE2d 260) (2012). This subsection excludes evidence of such convictions "unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." OCGA § 24-9-84.1 (b). Even if we assume that Hudson's trial counsel rendered ineffective assistance by failing to request that the trial court perform such a balancing test prior to the State erroneously impeaching Hudson with his brother's convictions, we find that Hudson has not proven that such error prejudiced his defense. Once the State discovered that it had sought to impeach Hudson with the wrong criminal record, the trial court issued its curative instruction telling the jury to disregard any questions and responses regarding such convictions. The State did not subsequently question Hudson regarding any convictions older than a decade.

---

[3] OCGA § 24-9-84.1 was repealed by Laws 2011, Act 52, §2, effective January 1, 2013.

(d) Hudson claims his trial counsel rendered ineffective assistance by failing to object to the State impeaching Hudson without certified copies of the convictions. "It is well-settled that evidence of a witness' prior convictions must be tendered and admitted in the form of certified copies of the convictions and not by testimony alone." (Citations omitted.) *Rucker v. State*, 205 Ga. App. 651 (423 SE2d 51) (1992). However, "[t]he failure to introduce a certified copy of an impeaching prior conviction is subject to a 'best evidence' objection . . . and such objection may be waived." (Citation omitted.) *Thomas v. State*, 268 Ga. 135, 140 (13) (485 SE2d 783) (1997). Thus, "in the absence of a 'best evidence' objection, a witness' answer to the effect that he or she has been convicted of a crime is admissible to prove the crime." (Citations omitted.) *McIntyre v. State*, 266 Ga. 7, 10 (4) (463 SE2d 476) (1995). Even if we assume that Hudson's trial counsel was ineffective for failing to object to the State's attempts to impeach him without a certified copy of the conviction, he has not proven that such failure was prejudicial to his defense. The convictions the State sought to impeach Hudson with were either already addressed by him during his direct examination or were his brother's convictions and the trial court properly instructed the jury to disregard questions about them.

(e) Hudson next contends that his trial counsel rendered ineffective assistance by failing to object to the out-of-court hearsay statement of a recycler as testified to by Maurice Martin. We disagree.

Martin, the manager of the Firestone store, testified that prior to the date of the theft, a man hired by the store to recycle used tires had reported that the store was "missing a lot of [used] tires." At the motion for new trial hearing, trial counsel testified that his decision not to object to this hearsay statement was strategic because he did not want to "add[ ] fuel to the fire," indicating that he did not want to draw the jury's attention to the fact that the store had experienced problems with tire theft in the past that ended with the arrest of Hudson and his brother. As noted earlier, a decision not to object is usually a matter of trial strategy that will not amount to a valid claim of ineffective assistance of counsel. *Vanstavern*, supra. Accordingly, we find that trial counsel's decision not to object to this statement did not amount to an instance of deficient performance.

(2) Hudson next argues that the trial court erred by failing to conduct a balancing test under OCGA § 24-9-84.1 and by failing to make findings on the record with regard to the test. However, this claim is waived as it was not raised either in the motion for new trial as amended or at the hearing thereon by appellate counsel who

11

had been appointed following Hudson's conviction. See *Collier v. State*, 288 Ga. 756, 758 (3) (707 SE2d 102) (2011).

*Judgment affirmed. Barnes, P. J., and Miller, J., concur.*