**FOURTH DIVISION**
**BARNES, P. J.,**
**MCMILLIAN, and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 9, 2016**

# In the Court of Appeals of Georgia

A15A1745. LOCKRIDGE v. STATE

BARNES, Presiding Judge.

Following his conviction of felony theft by shoplifting and the denial of his motion for new trial, Kenneth Lockridge appeals. Lockridge contends that the evidence was insufficient to prove guilt beyond a reasonable doubt, that his trial counsel fell below an objective standard of reasonableness for failure to conduct a meaningful investigation, and that the trial court erred by denying his motion for new trial based on newly discovered evidence. For the reasons set forth below, we affirm.

At trial, the jury found Lockridge guilty of felony theft by shoplifting. Lockridge moved for a new trial on the basis of new evidence, a surveillance video recording. After a hearing on the motion and watching the video in question, the trial court denied Lockridge's motion for new trial. Lockridge filed a timely appeal.

1. First, Lockridge contends that the evidence was insufficient to support his conviction for felony theft by shoplifting. Following a criminal conviction, the

defendant is no longer presumed innocent, and we view the evidence in the light most favorable to sustain the verdict. *Anthony v. State*, 317 Ga. App. 807 (732 SE2d 845) (2012).

So viewed, the evidence shows that Lockridge was arrested for shoplifting at Home Depot in May, 2011. An employee noticed Lockridge acting suspiciously and reported him to the assistant store manager. The manager alerted the asset protection specialist of the behavior, who then followed Lockridge around the store. He observed Lockridge conceal several items in an emptied bag of mulch and then place it in his shopping cart amongst other similar bags. After paying only for the bags of mulch and leaving the store with them, Lockridge was stopped in the parking lot by store employees. When he was first confronted, Lockridge attempted to reach for a knife in his pocket but two employees subdued him, handcuffed him, and brought him to the back of the store to wait for the police.

While waiting, Lockridge told the asset protection specialist "that he didn't pay for the items that were concealed in the bag and that he was sorry." When the police officers arrived, Lockridge spontaneously "apologized for concealing the items and taking them." Lockridge admitted at trial that the stolen material had been in his

2

shopping cart, but testified "I have no idea how it got in that buggy." Lockridge also

admitted that he selected the identified stolen items from around the store and placed

them in another shopping cart, with the intention of purchasing them later. Lastly, the

asset protection specialist testified that the total price of the goods found within the

bag of mulch came to $436.80.[1]

When reviewing the sufficiency of the evidence, we look to see if "*any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable

doubt." *Jackson v. Virginia*, 443 US 307, 319 (99 SCt 2781, 61 SE2d 560) (1979);

*Craft v. State*, 324 Ga. App. 7, 8 (749 SE2d 16) (2013).

> A person commits theft by shoplifting when he conceals or takes
> possession of the goods or merchandise of any store or retail
> establishment with the intent of appropriating the merchandise to his
> own without paying for the same. The offense is punished as a
> misdemeanor if the value taken is $300 or less. The offense is a felony
> if the value of merchandise taken is greater than $300.[2]

---

[1]This total included two "high-theft" rolls of electrical wire, each valued at $180, bringing the total value to over $300.

[2]In 2012, the General Assembly revised OCGA § 16-8-4 (b) (1) to provide that the offense was a felony if the value exceeded $500. As Lockridge's offense took place before the revision, the State was only required to prove that the value of the stolen goods exceeded $300.

(Citation and punctuation omitted.) *Lanier v. State*, 269 Ga. App. 284, 287 (1) (b) (603 SE2d 772) (2004); OCGA § 16-8-14 (b) (1). It is the role of the jury, and not the appellate court, to "assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts in the evidence." *Parham v. State*, 320 Ga. App. 676, (1) (739 SE2d 135) (2013).

Based on the above facts, there was sufficient evidence for a rational trier of fact to find Lockridge guilty of felony theft by shoplifting.

2. Next, Lockridge argues ineffective assistance of counsel, alleging that his trial counsel did not conduct a meaningful investigation because he failed to obtain a surveillance video from the State.[3] The trial counsel's defense strategy consisted of putting Lockridge on the stand to testify that he did not steal the items, but instead selected them and put them aside, so he could return when he had enough money.

The trial counsel was aware of the surveillance video because it was included on the State's discovery list, but testified that when he asked the State for the video, the prosecutor told him "there would not be any video. There was no video." The trial

---

[3]The surveillance video consists of security footage of different areas of Home Depot on the date Lockridge was arrested for shoplifting.

4

counsel testified that he chose not to pursue the video because he believed it was not in the State's possession.

> To prevail on a claim of ineffective counsel [Lockridge] must show that his counsel's performance was deficient and that the deficient performance so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different.

*Johnson v. State*, 287 Ga. 767, 769 (2) (700 SE2d 346) (2010); See *Strickland v. Washington*, 466 U.S. 668, 688 (III) (A) (104 S. Ct. 2052, 80 LE2d 674) (1984). "If a defendant fails to meet [his] burden on one prong of the two prong test, then the other prong need not be reviewed by the court." *Powell v. State*, 297 Ga. 352, 256 (5) (773 SE2d 762) (2015).

Pretermitting whether trial counsel's failure to obtain a copy of the surveillance video was reasonable professional conduct, Lockridge has failed to establish that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the verdict would have been different. *Johnson*, 287 Ga. at 770 (2).[4]

---

[4]"A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Citation and punctuation omitted.) *Douglas*, 327 Ga. App. at 796 (2) (b) .

"We strongly presume that the trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Douglas v. State*, 327 Ga. App. 792, 794 (2) (761 SE2d 180) (2014). In regards to pre-trial preparation, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id at 795 (2) (a).

Lockridge's wife testified that the surveillance video "just showed individuals walking down the aisles," including Lockridge, but did not show Lockridge checking out at the cash register. The State argued during the hearing on the motion for new trial that the video was a compilation of several camera angles in various parts of the store, and without knowing what Lockridge was wearing it was hard to tell "what was going on." A shopping cart containing items similar to those the asset protection specialist testified that Lockridge had picked out was visible as it was pushed through the garden center, but nothing else was clear until police officers escort Lockridge through the store, the State said. The trial court reviewed the video in full, as did this court.

While Lockridge asserts that "[t]he video contradicts the testimony of the State's witnesses" and thus there is a reasonable probability that he would have been acquitted if trial counsel had obtained the video, he cites to no particular testimony and presents no further argument on the matter. See *Hampton v. State*, 279 Ga. 625, 628 (5) (619 SE2d 616) (2005) (holding that the claim of ineffective assistance of counsel failed when the defendant "offer[ed] only his speculation regarding the content of such alleged potential favorable evidence.")

Furthermore we have reviewed the video and given the content of the video, the failure of Lockridge's trial counsel to obtain the video did not prejudice the defendant. *Hudson v. State*, 322 Ga. App. 810, 811-815 (1) (755 SE2d 209) (2014). Accordingly, having failed the second prong, Lockridge's ineffective assistance of counsel argument is without merit.

3. Lastly, Lockridge also contends that the trial court erred by denying his motion for new trial based on newly discovered evidence in the surveillance video. We disagree.

When reviewing the denial of a motion for new trial based on newly discovered evidence, the trial court's discretion will not be disturbed unless there is

an abuse of that discretion. *State v. Simmons*, 321 Ga. App. 688, 692 (742 SE2d 505) (2013).

Our Supreme Court established that a defendant seeking a new trial on the basis of new evidence must show the trial court:

> (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to any lack of due diligence that he did not acquire it sooner; (3) that it is so material it would probably produce a different verdict; (4) that is it not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credibility of a witness. All six requirements must be complied with to grant a new trial.

(Citation and punctuation omitted.) *Timberlake v. State*, 246 Ga. 488, 491 (1) (271 SE2d 792) (1980); *Simmons*, 321 Ga. App. at 693. At the motion for new trial and in his brief, Lockridge failed to meet several of the requirements.

First, Lockridge failed to show that the evidence came to his knowledge since the trial. *Banks v. State*, 290 Ga. App. 887, 889 (3) (660 SE2d 873) (2008) (holding that a witness's name included in the prosecution's discovery list is not new evidence); *Wheeler v. State*, 290 Ga. 817, 819-820 (5) (725 SE2d 580) (2012)

8

(holding that a defendant cannot use the same DNA evidence to present a new theory for the defense).

Twice during the jury trial, Lockridge asked the trial court about the surveillance video. Lockridge told the trial court after he was sentenced that he did not understand why the video was not introduced, because "[i]f it was so damaging, they should have had it as evidence against me, but it wasn't." Lockridge also did not claim in his motion for the new trial or at the hearing on the motion that he was unaware of the video's existence during the trial. Clearly, he failed to show that the evidence was newly discovered.

Furthermore, Lockridge did not offer any proof that the evidence was so material it would result in a different verdict. *Simmons*, 321 Ga. App. at 693. He only argued that the disjointed video would not only impeach the asset protection specialist, but would also contradict the testimony of the State's other witnesses. However, Lockridge has failed to cite to any particular testimony contradicted by the video. This argument is not sufficient to show that the new evidence was so material it would result in a different verdict.[5] The video does not disprove the theft

_____

[5]As discussed *supra* in Division II.

established by the eyewitness accounts, and it is in fact unclear and difficult to distinguish Lockridge from other shoppers.

The trial court reviewed the surveillance video and in its discretion, denied Lockridge's motion for new trial based on newly discovered evidence.[6] We find no abuse of this discretion. *Simmons*, 321 Ga. App. at 692.

*Judgment affirm. McMillian and Mercier, JJ., concur*.

---

[6]At the end of this enumeration of error, Lockridge also argues that the State violated the rules of discovery contained in OCGA § 17-16-4 (a) (1). However, this argument fails because the video did not contain any statement by Lockridge and the State did not intend to offer the video as evidence against Lockridge. *Deal v. State*, 199 Ga. App. 184, 186-187 (3) (404 SE2d 343) (1991).